## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY LLC D/B/A ANNIEMAC HOME MORTGAGE, | Case No. Hon. |
| Plaintiff, | |
| v. | |
| TAMARA LINN MCNEIL, an individual, | |
| Defendant. | |

---

## <u>COMPLAINT</u>

Plaintiff, AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY LLC D/B/A ANNIEMAC HOME MORTGAGE ("AnnieMac"), by and through undersigned counsel, states as follows for its Complaint against Defendant, TAMARA LINN MCNEIL ("Former Employee"):

## <u>PARTIES, JURISDICTION AND VENUE</u>

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different States and the amount in controversy exceeds $75,000.00.

2.     AnnieMac is a limited liability company organized under Delaware law. AnnieMac has two members – (1) Hyperion Family Holding Company LLC ("Hyperion"); and (2) an individual domiciled in Pennsylvania.  Hyperion in turn has a single member - an individual who is domiciled in Puerto Rico.  Therefore, AnnieMac is deemed to be a citizen of

Puerto Rico and Pennsylvania, only, for purposes of diversity jurisdiction. See *Lincoln Ben Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104-105 (3rd Cir. 2015).

3.     Former Employee is an individual who, upon information and belief, is domiciled in California and therefore a citizen of California, only, for purposes of diversity jurisdiction.

4.     This Court has personal jurisdiction over Former Employee because she has constitutionally sufficient minimum contacts with the State of New Jersey and this Court's exercise of jurisdiction over Former Employee otherwise comports with traditional notions of fair play and substantial justice.

5.     Venue also is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the District of New Jersey is a judicial district in which a substantial part of the events or omissions giving rise to AnnieMac's claim occurred.

<u>**GENERAL ALLEGATIONS**</u>

<u>***The September 23, 2022 Loan***</u>

6.     Effective September 6, 2022, AnnieMac and Former Employee entered into a Loan Agreement providing, among other things, that AnnieMac would loan, and Former Employee would pay back, the amount of $79,500.00, with interest. **Exhibit 1** ("the September 6, 2022 Loan Agreement").

7.     In furtherance of the September 6, 2022 Loan Agreement, Former Employee also executed a Promissory Note payable to AnnieMac as Holder. **Exhibit A to Exhibit 1** ("the September 6, 2022 Promissory Note").

8.     Consistent with the September 6, 2022 Loan Agreement, AnnieMac paid Former Employee the sum of $79,500.00 on September 23, 2022 ("the September 23, 2022 Loan").

9.    The September 6, 2022 Promissory Note states in relevant part that Former Employee as Maker:

> "promises to repay to the order of Holder, the principal sum of $79,500.00 on or before September 22, 2023.  Maker shall owe to Holder interest on the principal sum in an amount equal to 2% per annum, commencing on September 23, 2022, payable with principal on September 22, 2023.
>
> If Maker fails to make any payment set forth above when due, Holder may elect to declare the entire unpaid principal amount, including all unpaid interest, immediately due and payable with or without notice.
>
> ***In the event of termination of Maker's employment with Holder for any reason, all outstanding principal and accrued interest hereunder is immediately due and payable, with or without notice, thirty (30) days after the date of such termination; unless this note and the loan it evidences shall have been cancelled and forgiven pursuant to the terms of that certain Loan Agreement, dated as of September 6, 2022, between Holder and Maker."*** **(emphasis added).**

10.    Subsection 1(e) of the September 6, 2022 Loan Agreement contains the following provision regarding possible forgiveness of the loan:

> **"Forgiveness.**    The Loan, and Borrower's obligation to repay all outstanding Principal and accrued interest thereunder, shall be forgiven and cancelled by Lender and the Note shall be cancelled on September 22, 2023, if Borrower is employed by Lender on September 22, 2023, or earlier upon the date of the termination of Borrower's employment with Lender prior to September 22, 2023 if such termination is by Lender without Cause (as defined below) or by reason of Borrower's death or Disability (as defined below)."

11.    The conditions precedent set forth in subsection 1(e) of the September 6, 2022 Loan Agreement for forgiveness of the September 23, 2022 Loan did not occur and otherwise have no applicability, as Former Employee voluntarily terminated her employment with AnnieMac on December 14, 2022.

12.    Therefore, pursuant to the terms of the September 6, 2022 Loan Agreement and September 6, 2022 Promissory Note, Former Employee became obligated to pay back the

September 23, 2022 Loan no later than January 13, 2023, which was 30 days following her voluntary termination of employment.

13.     AnnieMac has declared the entire unpaid principal and interest immediately due and payable yet, despite demand, Former Employee has failed and/or refused to pay back the September 23, 2022 Loan, together with interest.

14.     Thus, Former Employee has materially breached her obligations and promises to pay set forth in the September 6, 2022 Loan Agreement and September 6, 2022 Promissory Note.

15.     By contrast, AnnieMac has complied with its obligations under the September 6, 2022 Loan Agreement, including by making the September 23, 2022 Loan to Former Employee.

16.     Former Employee's material breaches of the September 6, 2022 Loan Agreement and failure to honor the September 6, 2022 Promissory Note have proximately caused AnnieMac to suffer damages in the principal amount of $79,500.00, together with interest, costs, and attorneys' fees.

17.     The September 6, 2022 Promissory Note also entitles AnnieMac, if it prevails in this matter, to recover its attorneys' fees and costs incurred in connection with enforcing Former Employee's payment obligations.

### *The November 10, 2022 Loan*

18.     Effective November 10, 2022,[1] AnnieMac and Former Employee entered into a second Loan Agreement again providing, among other things, that AnnieMac would loan, and Former Employee would pay back, the amount of $79,500.00, with interest.  **Exhibit 2** ("the November 10, 2022 Loan Agreement").

---

[1] The November 10, 2022 Loan Agreement contains a typographical scrivener's error reciting that the agreement is effective as of November 10, 2023.  The loan agreement should read as effective November 10, 2022, as Former Employee was not employed by AnnieMac as of November 10, 2023.

19.    In furtherance of the November 10, 2022 Loan Agreement, Former Employee executed a second Promissory Note payable to AnnieMac as Holder.  **Exhibit A to Exhibit 2** ("the November 10, 2022 Promissory Note").

20.    Consistent with the November 10, 2022 Loan Agreement, AnnieMac paid Former Employee the sum of $79,500.00 on November 10, 2022 ("the November 10, 2022 Loan").

21.    The November 10, 2022 Promissory Note states in relevant part that Former Employee as Maker:

> "promises to repay to the order of Holder, the principal sum of $79,500.00 on or before November 11, 2023.  Maker shall owe to Holder interest on the principal sum in an amount equal to 2% per annum, commencing on November 10, 2022, payable with principal on November 11, 2023.
>
> If Maker fails to make any payment set forth above when due, Holder may elect to declare the entire unpaid principal amount, including all unpaid interest, immediately due and payable with or without notice.
>
> ***In the event of termination of Maker's employment with Holder for any reason, all outstanding principal and accrued interest hereunder is immediately due and payable, with or without notice, thirty (30) days after the date of such termination; unless this note and the loan it evidences shall have been cancelled and forgiven pursuant to the terms of that certain Loan Agreement, dated as of November 10, 2022, between Holder and Maker***." *(emphasis added)*.

22.    Subsection 1(e) of the November 10, 2022 Loan Agreement contains the following provision regarding possible cancellation and forgiveness of the loan:

> "**Forgiveness.**  The Loan, and Borrower's obligation to repay all outstanding Principal and accrued interest thereunder, shall be forgiven and cancelled by Lender and the Note shall be cancelled on November 11, 2023, if Borrower is employed by Lender on November 11, 2023, or earlier upon the date of the termination of Borrower's employment with Lender prior to November 11, 2023 if such termination is by Lender without Cause (as defined below) or by reason of Borrower's death or Disability (as defined below)."

23.    The conditions precedent set forth in subsection 1(e) of the November 10, 2022 Loan Agreement for forgiveness of the November 10, 2022 Loan did not occur and otherwise

have no applicability, as Former Employee voluntarily terminated her employment with AnnieMac on December 14, 2022.

24.    Therefore, pursuant to the terms of the November 10, 2022 Loan Agreement and November 10, 2022 Promissory Note, Former Employee became obligated to pay back the November 10, 2022 Loan no later than January 13, 2023, which was 30 days following her voluntary termination of employment.

25.    AnnieMac has declared the entire unpaid principal and interest immediately due and payable yet, despite demand, Former Employee has failed and/or refused to pay back the November 10, 2022 Loan, together with interest.

26.    Thus, Former Employee has materially breached her obligations and promises to pay set forth in the November 10, 2022 Loan Agreement and November 10, 2022 Promissory Note.

27.    By contrast, AnnieMac has complied with its obligations under the November 10, 2022 Loan Agreement, including by making the November 10, 2022 Loan to Former Employee.

28.    Former Employee's material breaches of the November 10, 2022 Loan Agreement and failure to honor the November 10, 2022 Promissory Note have proximately caused AnnieMac to suffer damages in a principal amount of $79,500.00, together with interest, costs, and attorneys' fees.

29.    The November 10, 2022 Promissory Note also entitles AnnieMac, if it prevails in this matter, to recover its attorneys' fees and costs incurred in connection with enforcing Former Employee's payment obligations.

## COUNT I
## BREACH OF THE SEPTEMBER 6, 2022 LOAN AGREEMENT

30.    AnnieMac incorporates and adopts the preceding allegations by reference as if fully restated herein.

31.    The September 6, 2022 Loan Agreement is a valid and enforceable agreement between AnnieMac and Former Employee.

32.    AnnieMac performed its obligations under the Agreement, including by paying Former Employee the sum of $79,500.00 on September 23, 2022.

33.    Former Employee materially breached the September 6, 2022 Loan Agreement, including by failing, refusing, and/or neglecting to pay back the September 23, 2022 Loan.

34.    Former Employee's material breaches of the September 6, 2022 Loan Agreement have proximately caused AnnieMac to suffer damages in the principal amount of $79,500.00, together with interest, costs and attorney fees.

## COUNT II
## ENFORCEMENT OF SEPTEMBER 6, 2022 PROMISSORY NOTE

35.    AnnieMac incorporates and adopts the preceding allegations by reference as if fully restated herein.

36.    The September 6, 2022 Promissory Note is a negotiable instrument pursuant to Article 3 of New Jersey's Uniform Commercial Code ("UCC").  *See*. N.J.S. § 12A:3-104(a).

37.    The September 6, 2022 Promissory Note is payable to the order of AnnieMac.

38.    AnnieMac is the holder of the September 6, 2022 Promissory Note and is in possession of the instrument; therefore, AnnieMac is entitled to enforce the instrument.

39.    Payment on the September 6, 2022 Promissory Note was due no later than January 13, 2023.

40.     Former Employee failed to pay back the September 23, 2022 Loan on or before January 13, 2023 and therefore the September 6, 2022 Promissory Note is overdue.

41.     AnnieMac has declared the September 6, 2022 Promissory Note and related debt immediately due and payable yet, despite demand, Former Employee has failed and/or refused to pay back the September 23, 2022 Loan, together with interest.

42.     AnnieMac has been damaged and is entitled to immediate payment from Former Employee of the principal amount of $79,500.00, together with interest, costs, and attorneys' fees.

<u>**COUNT III**</u>
<u>**BREACH OF THE NOVEMBER 10, 2022 LOAN AGREEMENT**</u>

43.     AnnieMac incorporates and adopts the preceding allegations by reference as if fully restated herein.

44.     The November 10, 2022 Loan Agreement is a valid and enforceable agreement between AnnieMac and Former Employee.

45.     AnnieMac performed its obligations under the Agreement, including by paying Former Employee the sum of $79,500.00 on November 10, 2022.

46.     Former Employee materially breached the November 10, 2022 Loan Agreement, including by failing, refusing, and/or neglecting to pay back the November 10, 2022 Loan.

47.     Former Employee's material breaches of the November 10, 2022 Loan Agreement have proximately caused AnnieMac to suffer damages in the principal amount of $79,500.00, together with interest, costs and attorney fees.

<u>**COUNT IV**</u>
<u>**ENFORCEMENT OF NOVEMBER 10, 2022 PROMISSORY NOTE**</u>

48.    AnnieMac incorporates and adopts the preceding allegations by reference as if fully restated herein.

49.    The November 10, 2022 Promissory Note is a negotiable instrument pursuant to Article 3 of the UCC.  *See*. N.J.S. § 12A:3-104(a).

50.    The November 10, 2022 Promissory Note is payable to the order of AnnieMac.

51.    AnnieMac is the holder of the November 10, 2022 Promissory Note and is in possession of the instrument; therefore, AnnieMac is entitled to enforce the instrument.

52.    Payment on the November 10, 2022 Promissory Note was due no later than January 13, 2023.

53.    Former Employee failed to pay back the November 10, 2022 Loan on or before January 13, 2023 and therefore the November 10, 2022 Promissory Note is overdue.

54.    AnnieMac has declared the November 10, 2022 Promissory Note and related debt immediately due and payable yet, despite demand, Former Employee has failed and/or refused to pay back the November 10, 2022 Loan, together with interest.

55.    AnnieMac has been damaged and is entitled to immediate payment from Former Employee of the principal amount of $79,500.00, together with interest, costs, and attorneys' fees.

<u>**DEMAND FOR JUDGMENT**</u>

WHEREFORE, AnnieMac respectfully requests judgment against Former Employee as follows:

A.    On Counts I and II, awarding damages in favor of AnnieMac, in an amount to be determined at trial, but in no event less than $79,500.00, plus interest, costs and attorneys' fees.

B.    On Counts III and IV, awarding damages in favor of AnnieMac, in an amount to

be determined at trial, but in no event less than $79,500.00, plus interest, costs and attorneys'

fees.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Connor M. Mannion*
Court Plaza North, 25 Main Street
PO Box 800
Hackensack, NJ 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile

November 6, 2023

**EXHIBIT 1**

DocuSign Envelope ID: 4A7278D6-055E-4986-A5C9-1E22AA17BB31

THIS LOAN AGREEMENT (the "Agreement") is entered into as of September 6, 2022, by and between American Neighborhood Mortgage Acceptance Company LLC, a Delaware limited liability company ("Lender") and Tamara Linn McNeil, residing at 4605 Shaftesbury Court, Carmichael, California 95608 ("Borrower").  Borrower and Lender are sometimes referred to in this Agreement as a "Party" or, collectively, as the "Parties."

## RECITALS

WHEREAS Borrower desires to obtain from Lender a loan in the principal amount of Seventy-nine thousand five hundred dollars ($79,500.00) (the "Loan"); and

WHEREAS as an incentive to retain Borrower in the employ of Lender for a period of at least twelve (12) months from the date hereof, Lender desires to grant Borrower the Loan.

NOW, THEREFORE, in consideration of the terms and conditions herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

**1.  Loan Terms.**

(a)      **Principal Amount**.  Lender shall pay to the order of Borrower, Tamara Linn McNeil, on September 23, 2022, the principal sum of Seventy-nine thousand five hundred dollars ($79,500.00) (the "Principal").

(b)      **Interest**.  Interest shall accrue on the outstanding Principal amount at the rate of two percent (2%) per annum.

(c)      **Promissory Note**.  Borrower's obligation to repay the Loan shall be evidenced by a promissory note substantially in the form attached as Exhibit A hereto (the "Note"). Borrower shall execute and deliver to Lender the Note concurrently with execution and delivery of this Agreement.

(d)      **Repayment**.  Borrower shall pay to the order of Lender the Principal and accrued interest under the Note on September 22, 2023, provided, however, that all Principal and accrued but unpaid interest shall become immediately due and payable thirty (30) days after the date of Borrower's termination of employment with Lender for any reason prior to September 22, 2023 (except as otherwise provided in Section (e) herein).  The Loan shall be subject to forgiveness as provided below.  The Loan shall be unsecured but with full recourse against Borrower.

(e)      **Forgiveness**.  The Loan, and Borrower's obligation to repay all outstanding Principal and accrued interest thereunder, shall be forgiven and cancelled by Lender and the Note shall be cancelled on September 22, 2023, if Borrower is employed by Lender on September 22, 2023, or earlier upon the date of the termination of Borrower's employment with Lender prior to September 22, 2023 if such termination is by Lender without Cause (as defined below) or by reason of Borrower's death or Disability (as defined below).

Initial _____

**700 East Gate Drive * Suite 400 * Mt. Laurel * New Jersey * 08054**

DocuSign Envelope ID: 4A7278D6-055L-4986-A5C9-1E22AA17BB31

(f)      **Income Taxes.**   If the Loan is forgiven pursuant to the terms of Section (e) above, Borrower shall be solely responsible to pay federal, state, or local income taxes with respect to the forgiveness of the Loan.

(g)      **Definitions.**

For purposes of this Agreement, the following terms shall have the meanings indicated below:

**"Cause"** shall mean a reasonable determination of the Chief Executive Officer of Lender that at least one of the following has occurred: (i) one or more factually substantiated willful acts of dishonesty on Borrower's part which are intended to result in Borrower's substantial personal enrichment at the expense of Lender; (ii) repeated violations by Borrower of Borrower's employment obligations to Lender which are demonstrably willful and deliberate on Borrower's part and which resulted in material injury to Lender; (iii) conduct of a factually substantiated criminal nature (commonly defined as a "felony" in criminal statutes) which has or which is more likely than not to have a material adverse effect on Lender's reputation or standing in the community or on its continuing relationships with its customers; or (iv) factually substantiated fraudulent conduct in connection with the business or affairs of Lender, regardless of whether said conduct is designed to defraud Lender or others; provided that, in each case, Borrower has received written notice of the described activity, has been afforded a reasonable opportunity to cure or correct the activity described in the notice, and has failed to substantially cure, correct or cease the activity, as appropriate.

**"Disability"** shall mean that Borrower suffers a disability due to illness or injury which substantially and materially limits Borrower from performing each of the essential functions of Borrower's job, even with reasonable accommodation and becomes entitled to receive disability benefits under Lender's Long-Term Disability Plan for exempt employees.

2.   **Transfer of Note.**   Borrower shall not assign or transfer any of Borrower's benefits or obligations arising under the Note.   Lender reserves the right to assign or transfer all or any part of, or any interest in, Lender's rights and benefits under this Agreement or the Note to any successor to all or part of its business or assets so long as any assignee or transferee expressly agrees to assume and perform this Agreement in the same manner and to the same extent as Lender would be required to perform if no such assignment or transfer had taken place.

3.   **Amendment; Waiver**.   This Agreement and the Note contain the entire agreement between the Parties with respect to the subject matter hereof and may be amended, modified, or changed only by a written instrument executed by the Parties.   No provision of this Agreement or the Note may be waived except by a writing executed and delivered by the Party sought to be charged.   Any such written waiver will be effective only with respect to the event or circumstance described therein and not with respect to any other event or circumstance unless such waiver expressly provides to the contrary.

4.   **Choice of Law**.   This Agreement shall be construed in accordance with and governed by the internal laws of the State of New Jersey, without reference to principles of conflict of laws.

Initial _____

5. **Headings**.   The paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the provisions hereof.

6. **Notices.**  All notices and other communications hereunder shall be in writing; and shall be delivered by hand or overnight courier service, or mailed by certified mail, return receipt requested, postage prepaid; and shall be deemed delivered upon actual receipt; and shall be addressed as follows:

**If to Lender:**                                       **If to Borrower**

American Neighborhood Mortgage            Tamara Linn McNeil
Acceptance Company LLC                        4605 Shaftesbury Court
700 East Gate Drive, Suite 400                 Carmichael, CA 95608
Mount Laurel, NJ 08054
Attn: Legal Department

or to such other address as either party shall have furnished to the other in writing in accordance herewith.

7. **Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

8. **Severability**.  If any provision in or obligation under this Agreement shall be invalid, illegal, or unenforceable in any jurisdiction, the validity, legality and enforceability of the remaining provisions or obligations, or of such provision or obligation in any other jurisdiction, shall not in any way be affected or impaired thereby.

9. **No Third-Party Beneficiary Rights**.  The Parties do not intend to confer, and this Agreement shall not be construed to confer any rights or benefits to any person, firm, group, corporation, or entity other than the Parties.

IN WITNESS WHEREOF, this Agreement has been duly executed by the Parties on the date first written above.

**LENDER**                                              **BORROWER**
**AMERICAN NEIGHBORHOOD**
**MORTGAGE ACCEPTANCE CO. LLC**

DocuSigned by:                                          DocuSigned by:
*Joseph Panebianco*                                  *Tam M N*
A10761121E5A542C...                              08114EB89F1643B...
By:  Joseph Panebianco, CEO                   Tamara Linn McNeil

DS
*Tm*
Initial _____

## EXHIBIT A

### Promissory Note

**$79,500.00**                                          **Date:  September 6, 2022**

American Neighborhood Mortgage Acceptance Company LLC, (herein referred to as "Holder") has agreed to advance to Tamara Linn McNeil (herein referred to as "Maker") on September 23, 2022, the sum of $79,500.00, and for said value received Maker promises to repay to the order of Holder, the principal sum of $79,500.00 on or before September 22, 2023.  Maker shall owe to Holder interest on the principal sum in an amount equal to 2% per annum, commencing on September 23, 2022, payable with principal on September 22, 2023.

If Maker fails to make any payment set forth above when due, Holder may elect to declare the entire unpaid principal amount, including all unpaid interest, immediately due and payable with or without notice.

In the event of the termination of Maker's employment with Holder for any reason, all outstanding principal and accrued interest hereunder is immediately due and payable, with or without notice, thirty (30) days after the date of such termination; unless this note and the loan it evidences shall have been cancelled and forgiven pursuant to the terms of that certain Loan Agreement, dated as of September 6, 2022, between Holder and Maker.

In the event of commencement of legal action to enforce payment of this note, the non-prevailing party agrees to pay the prevailing party's reasonable attorney's fees and court costs in connection therewith.

DocuSigned by:

_Tam M N_                        8/24/2022

08114EB89F1643B...

Tamara Linn McNeil           Date

Initial

**<u>EXHIBIT 2</u>**



## LOAN AGREEMENT

THIS LOAN AGREEMENT (the "Agreement") is entered into as of November 10, 2023, by and between American Neighborhood Mortgage Acceptance Company LLC, a Delaware limited liability company ("Lender") and Tamara Linn McNeil, residing at 4605 Shaftesbury Court, Carmichael, California 95608 ("Borrower"). Borrower and Lender are sometimes referred to in this Agreement as a "Party" or, collectively, as the "Parties."

### RECITALS

WHEREAS Borrower desires to obtain from Lender a loan in the principal amount of Seventy-nine thousand five hundred dollars ($79,500.00) (the "Loan"); and

WHEREAS as an incentive to retain Borrower in the employ of Lender for a period of at least twelve (12) months from the date hereof, Lender desires to grant Borrower the Loan.

NOW, THEREFORE, in consideration of the terms and conditions herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

### AGREEMENT

**1. Loan Terms.**

(a)      **Principal Amount**. Lender shall pay to the order of Borrower, Tamara Linn McNeil, on November 10, 2022, the principal sum of Seventy-nine thousand five hundred dollars ($79,500.00) (the "Principal").

(b)      **Interest**. Interest shall accrue on the outstanding Principal amount at the rate of two percent (2%) per annum.

(c)      **Promissory Note**. Borrower's obligation to repay the Loan shall be evidenced by a promissory note substantially in the form attached as Exhibit A hereto (the "Note"). Borrower shall execute and deliver to Lender the Note concurrently with execution and delivery of this Agreement.

(d)      **Repayment**. Borrower shall pay to the order of Lender the Principal and accrued interest under the Note on November 11, 2023, provided, however, that all Principal and accrued and unpaid interest shall become immediately due and payable thirty (30) days after the date of Borrower's termination of employment with Lender for any reason prior to November 11, 2023

Initial 

**700 East Gate Drive * Suite 400 * Mt. Laurel * New Jersey * 08054**

(except as otherwise provided in Section (e) herein). The Loan shall be subject to forgiveness as provided below. The Loan shall be unsecured but with full recourse against Borrower.

(e)    **Forgiveness**. The Loan, and Borrower's obligation to repay all outstanding Principal and accrued interest thereunder, shall be forgiven and cancelled by Lender and the Note shall be cancelled on November 11, 2023, if Borrower is employed by Lender on November 11, 2023, or earlier upon the date of the termination of Borrower's employment with Lender prior to November 11, 2023 if such termination is by Lender without Cause (as defined below) or by reason of Borrower's death or Disability (as defined below).

(f)    **Income Taxes.** If the Loan is forgiven pursuant to the terms of Section (e) above, Borrower shall be solely responsible to pay federal, state, or local income taxes with respect to the forgiveness of the Loan.

(g)    **Definitions.**

For purposes of this Agreement, the following terms shall have the meanings indicated below:

**"Cause"** shall mean a reasonable determination of the Chief Executive Officer of Lender that at least one of the following has occurred: (i) one or more factually substantiated willful acts of dishonesty on Borrower's part which are intended to result in Borrower's substantial personal enrichment at the expense of Lender; (ii) repeated violations by Borrower of Borrower's employment obligations to Lender which are demonstrably willful and deliberate on Borrower's part and which resulted in material injury to Lender; (iii) conduct of a factually substantiated criminal nature (commonly defined as a "felony" in criminal statutes) which has or which is more likely than not to have a material adverse effect on Lender's reputation or standing in the community or on its continuing relationships with its customers; or (iv) factually substantiated fraudulent conduct in connection with the business or affairs of Lender, regardless of whether said conduct is designed to defraud Lender or others; provided that, in each case, Borrower has received written notice of the described activity, has been afforded a reasonable opportunity to cure or correct the activity described in the notice, and has failed to substantially cure, correct or cease the activity, as appropriate.

**"Disability"** shall mean that Borrower suffers a disability due to illness or injury which substantially and materially limits Borrower from performing each of the essential functions of Borrower's job, even with reasonable accommodation and becomes entitled to receive disability benefits under Lender's Long-Term Disability Plan for exempt employees.

2.    **Transfer of Note.** Borrower shall not assign or transfer any of Borrower's benefits or obligations arising under the Note. Lender reserves the right to assign or transfer all or any part of, or any interest in, Lender's rights and benefits under this Agreement or the Note to any successor to all or part of its business or assets so long as any assignee or transferee expressly agrees to assume and perform this Agreement in the same manner and to the same extent as Lender would be required to perform if no such assignment or transfer had taken place.

Initial

**700 East Gate Drive * Suite 400 * Mt. Laurel * New Jersey * 08054**

3.  **Amendment; Waiver**.    This Agreement and the Note contain the entire agreement between the Parties with respect to the subject matter hereof and may be amended, modified, or changed only by a written instrument executed by the Parties.  No provision of this Agreement or the Note may be waived except by a writing executed and delivered by the Party sought to be charged.  Any such written waiver will be effective only with respect to the event or circumstance described therein and not with respect to any other event or circumstance unless such waiver expressly provides to the contrary.

4.  **Choice of Law**.  This Agreement shall be construed in accordance with and governed by the internal laws of the State of New Jersey, without reference to principles of conflict of laws.

5.  **Headings**.    The paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the provisions hereof.

6.  **Notices.**  All notices and other communications hereunder shall be in writing; and shall be delivered by hand or overnight courier service, or mailed by certified mail, return receipt requested, postage prepaid; and shall be deemed delivered upon actual receipt; and shall be addressed as follows:

| **If to Lender:** | **If to Borrower** |
|---|---|
| American Neighborhood Mortgage Acceptance Company LLC<br>700 East Gate Drive, Suite 400<br>Mount Laurel, NJ 08054<br>Attn: Legal Department | Tamara Linn McNeil<br>4605 Shaftesbury Court<br>Carmichael, CA 95608 |

or to such other address as either party shall have furnished to the other in writing in accordance herewith.

7.  **Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

8.  **Severability**.  If any provision in or obligation under this Agreement shall be invalid, illegal, or unenforceable in any jurisdiction, the validity, legality and enforceability of the remaining provisions or obligations, or of such provision or obligation in any other jurisdiction, shall not in any way be affected or impaired thereby.

9.  **No Third-Party Beneficiary Rights**.  The Parties do not intend to confer, and this Agreement shall not be construed to confer any rights or benefits to any person, firm, group, corporation, or entity other than the Parties.

IN WITNESS WHEREOF, this Agreement has been duly executed by the Parties on the date first written above.

Initial _____

**LENDER**

**AMERICAN NEIGHBORHOOD
MORTGAGE ACCEPTANCE CO. LLC**

DocuSigned by:

*Joseph Panebianco*

EBB5BA77602241F...

By:  Joseph Panebianco, CEO

**BORROWER**

DocuSigned by:

848981D01F3A43F...

Tamara Linn McNeil

Initial

## EXHIBIT A

### Promissory Note

**$79,500.00.00**                                                    **Date:  November 10, 2022**


American Neighborhood Mortgage Acceptance Company LLC, (herein referred to as "Holder") has agreed to advance to Tami Linn McNeil (herein referred to as "Maker") on November 10, 2022, the sum of $79,500.00, and for said value received Maker promises to repay to the order of Holder, the principal sum of $79,500.00 on or before November 11, 2023.  Maker shall owe to Holder interest on the principal sum in an amount equal to 2% per annum, commencing on November 10, 2022, payable with principal on November 11, 2023.

If Maker fails to make any payment set forth above when due, Holder may elect to declare the entire unpaid principal amount, including all unpaid interest, immediately due and payable with or without notice.

In the event of the termination of Maker's employment with Holder for any reason, all outstanding principal and accrued interest hereunder is immediately due and payable, with or without notice, thirty (30) days after the date of such termination; unless this note and the loan it evidences shall have been cancelled and forgiven pursuant to the terms of that certain Loan Agreement, dated as of November 10, 2022, between Holder and Maker.

In the event of commencement of legal action to enforce payment of this note, the non-prevailing party agrees to pay the prevailing party's reasonable attorney's fees and court costs in connection therewith.


DocuSigned by:

_T. McNeil_                                      11/9/2022
648961D01F3A43F...
Tamara Linn McNeil                          Date


Initial