UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY LLC d/b/a ANNIEMAC HOME MORTGAGE,<br><br>             Plaintiff,<br><br>             v.<br><br>TAMARA LINN MCNEIL,<br><br>             Defendant. | Civil Action No. 1:23-cv-21959-KMW-AMD<br><br>CLERK'S ORDER GRANTING PLAINTIFF'S MOTION TO TAX COSTS UNDER FED. R. CIV. P. 54(d)(1), LOCAL CIV. R. 54.1 & 28 U.S.C. §1920 |

      This is Plaintiff American Neighborhood Mortgage Acceptance Company's ("AnnieMac") motion to tax costs against Defendant Tamara Linn McNeil ("McNeil") under Federal Rule of Civil Procedure 54(d)(1), Local Civil Rule 54.1, and 28 U.S.C. §§1920 & 1924 [Dkt. Entry #10], filed after AnnieMac was granted a default judgment against McNeil [Dkt. Entry #8]. On November 6, 2023, AnnieMac filed this breach of contract action based on diversity jurisdiction. [Dkt. Entry #1]. Specifically, AnnieMac claimed McNeil breached two loan agreements, dated September 6, 2022 and November 10, 2022. [Dkt. Entry #1]. Each loan was in the amount of $79,500.00, which McNeil has failed to repay. [Dkt. Entry #1]. In response to AnnieMac's request, the Clerk entered default against McNeil for failure to plead or otherwise defend. On May 22, 2024, AnnieMac's motion for default judgment was granted against McNeil in the amount of $164,084.90. [Dkt. Entry #8].

      Now, AnnieMac timely moves for taxable costs in the total amount of $737.00, seeking fees of the Clerk as well as fees for service of its summons and subpoena. McNeil does not oppose this motion.

I.  **Legal Standards**

Federal Rule of Civil Procedure (54)(d)(1) provides that "costs . . . should be allowed to the prevailing party." *See also* Local Civ. R. 54.1(a) (providing in relevant part that "the prevailing party shall serve on the attorney for the adverse party and file with the Clerk a Bill of Costs and Disbursements. . . ."). Local Civil Rule 54.1(a) sets forth this District's specific requirements for the recovery of costs.

Under these Rules, the Clerk is authorized to reimburse only for the costs set forth in 28 U.S.C. §1920. Specifically, the Clerk may reimburse a "prevailing party" for the following types of costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained or use in the case;
(5) Docket fees under section 1923 of this title; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

§1920. Though a prevailing party enjoys a strong presumption in favor of an award of costs, that party bears the burden of demonstrating that the requested costs are recoverable under §1920. *E.g., Romero v. CSX Transp., Inc.*, 279 F.R.D. 199, 201-02 (D.N.J. 2010). Where the prevailing party demonstrates that cost is taxable under §1920, the Clerk should generally grant the application unless the non-prevailing party proffers evidence demonstrating why the cost should be reduced or denied. *Reger v. The Nemours Foundation, Inc.*, 599 F.3d 285, 288-89 (3d Cir. 2010). Though the Clerk need not draft an opinion explaining the basis for allowing the taxation of costs, it must articulate its reasons for denying or reducing costs to a prevailing party. *Id*. Still, even though the prevailing party is afforded a favorable presumption, the Third Circuit has observed that because

the discretion to shift costs is limited statutorily, the costs to which a prevailing party is entitled under Rule 54 "often fall short of the part's actual litigation expenses." *In Re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000). The Clerk's obligation, even on an unopposed motion, is to scrutinize all requested costs to ensure any award is within statutory limits.

  II.  **Fees of the Clerk, §1920(1)**

AnnieMac seeks reimbursement of the $402.00 fee for filing a complaint with the Court on November 6, 2023. [Dkt. Entry #1]. When this action was filed, the filing fee for the Complaint in this District was $402.00. This fee is an allowed taxable cost under 28 U.S.C. §1920(1), and McNeil does not contest that AnnieMac is entitled to reimbursement of this cost. Therefore, the Clerk permits $402.00 as a taxable cost.

  III.  **Fees for Service of Summons and Subpoena**

Under §1920(1), AnnieMac seeks $335.00 in total costs incurred for service of: (1) $50.00 for a social security number inquiry; (2) $25.00 for a non-military affidavit of service; and (3) $260.00 for personal service of the summons & complaint. AnnieMac has provided corresponding copies of invoices and affidavits of services from DGR Legal in support of its request for taxation of these costs. Therefore, the Clerk permits $335.00 as a taxable cost.

  IV.  **Summary**

For all the reasons explained above, the Clerk grants in full AnnieMac's motion for taxation of costs in the amount of $737.00.


Dated: July 31, 2024                                    By: s/*Melissa E. Rhoads*
                                                              Clerk of Court